IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD STAFFORD**                                                                                                    **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO.: 1:15-cv-414-HSO-JCG**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**
**GEICO INSURANCE AGENCY, INC.**
**LAMORAK INSURANCE COMPANY f/k/a**
**ONE BEACON AMERICA INSURANCE COMPANY,**                          **DEFENDANTS**

**DEFENDANT LAMORAK INSURANCE COMPANY F/K/A ONE
BEACON AMERICA INSURANCE COMPANY'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
ITS MOTION FOR NEW TRIAL**

Comes now Defendant, Lamorak Insurance Company f/k/a One Beacon America Insurance Company, by and through counsel, and files its Memorandum of Authorities in Support of Its Motion for New Trial pursuant to Fed. R. Civ. P. 59(a) as follows:

## INTRODUCTION

This matter arises out of a September 13, 2012, automobile accident in Pearl River County, Mississippi. Ronald Stafford was operating a sprayer truck owned by Pearl River County, and his vehicle was struck from behind by Mallorie Hudson-Kline Ory, and underinsured motorist. Plaintiff alleged that he suffered injuries to his head, back, chest, and spine. After returning to work for Pearl River County for almost a year and a half, however, Plaintiff was involved in a second, similar work-related accident while employed by the County on July 9, 2014.

This matter was tried before this Court between August 8 and August 10, 2017. The jury returned a total verdict in the amount of $1,222,314.93, and a Final Judgment was

entered in this matter on August 10, 2017. *CM/ECF Doc. No. 122*. This Defendant now timely files it Motion for New Trial within 28 days of the entry of this Court's Final Judgment in accordance with Fed. R. Civ. P. 59(b).

## LEGAL STANDARD & AUTHORITY

"Rule 59 of the Federal Rules of Civil Procedure confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "The rule does not specify what grounds are necessary to support such a decision but states only that the action may be taken 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.' " *Id.* (quoting Fed. R. Civ. P. 59(a)). Among other reasons, the court may grant a new trial if it finds that "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Id.* (citations omitted).

"In making a determination that the verdict is against the weight of the evidence, the court weighs all the evidence and need not view it in the light most favorable to the nonmoving party." *Beckham v. La. Dock Co.*, 124 Fed.Appx. 268, 270 (5th Cir. 2005) (citing *Smith*, 773 F.3d at 613). Moreover, the court may set aside the verdict even though there is substantial evidence to support it. *Graves ex rel. W.A.G. v. Toyota Motor Corp.*, No. 2:09CV169KS-MTP, 2012 WL 1596723, at *6 (S.D. Miss. May 4, 2012) (citing Wright & Miller, *Federal Practice and Procedure* § 2806); *U.S. ex rel. Weyerhauser Co. v. Bucon*

*Construction Co.*, 430 F.2d 420, 423 (5th Cir. 1970) ("A trial judge, on a motion for new trial, may set aside a verdict to grant a new trial, if in his opinion 'the verdict is against the great weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.' "). However, a "verdict[ ] should not be set aside merely because 'a jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' " *Cleveland v. Wal-Mart Stores, Inc.*, No. 3:09-CV-142-DPJ-FKB, 2011 WL 1399849, at *2 (S.D. Miss. Apr. 12, 2011) (quoting *Cities Serv. v. Launey*, 403 F.2d 537, 540 (5th Cir. 1968)); and " '[a] motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence,' " *id.* (quoting *Beckham*, 124 Fed.Appx. at 270).

A Rule 59 motion, however, with regard to the sufficiency of the evidence on damages and liability is governed by state law. See, e.g., *Brown v. Wal-Mart La., L.L.C.*, 565 Fed.Appx. 293, 295 (5th Cir. 2014) ("*Gasperini* requires this Court to apply Louisiana law to ... new trial motions when exercising diversity jurisdiction."). In *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996), the Supreme Court held that "in an action based on state law but tried in federal court by reason of diversity of citizenship, a district court must apply a new trial or remittitur standard according to the state's law controlling jury awards for excessiveness or inadequacy, and appellate control of the district court's ruling is limited to review for 'abuse of discretion' " *Foradori*, 523 F.3d at 497–98 (citations omitted); see also *Gasperini*, 518 U.S. at 419, 438–39, 116 S.Ct.

3

2211 (citations omitted). In accordance with *Gasperini* and 5th Circuit precedent in *Foradori*, the 5th Circuit will "review the district court's decision applying the ... Mississippi new trial/remittitur standard to the evidence in [the] case to determine whether the district court abused its discretion." *Foradori*, 523 F.3d at 498. Because "trial judges have the unique opportunity to consider the evidence in the living courtroom context, ... while appellate judges see only the cold paper record ... [the Fifth Circuit] must give the benefit of every doubt to the judgment of the trial judge." *Gasperini*, 518 U.S. at 438–39, 116 S.Ct. 2211 (internal quotations and citations omitted); *Foradori*, 523 F.3d at 498 (internal quotations and citations omitted).

"Rule 59 of the Mississippi Rules of Civil Procedure authorizes the trial court to set aside a jury verdict and grant a new trial whenever justice requires." *Blossman Gas, Inc. v. Shelter Mut. Gen. Ins. Co.*, 920 So.2d 422, 424 (¶ 10) (Miss.2006) (citing *White v. Yellow Freight Sys. Inc.*, 905 So.2d 506, 510 (¶ 7) (Miss.2004)). Granting or denying a motion for a new trial lies within the trial court's sound discretion. *White v. Yellow Freight Sys. Inc.*, 905 So.2d 506, 510 (¶ 7) (Miss.2004). "In ordering a new trial, the [circuit] court makes a determination that the jury verdict is in error, and that due to mistakes made in conducting the trial, mistakes made in applying the law, or due to a jury verdict that is against the great weight of the evidence, a new trial is necessary." *White v. Stewman*, 932 So.2d 27, 33 (¶ 17) (Miss.2006). Additionally, a finding that a jury may have become confused during the course of its deliberations has been found to be adequate grounds for granting of a new trial under Mississippi state law. *Griffin v. Fletcher*, 362 So.2d 594, 596

(Miss.1978). The trial court may also grant a new trial when it is convinced that the jury has departed from its oath and its verdict is a result of bias, passion, and prejudice. *Clayton v. Thompson*, 475 So.2d 439, 443 (Miss.1985).

With regard to the admission or exclusion of evidence, "Generally, any error in admitting or excluding evidence is not grounds for a new trial." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 508 (5th Cir.2012) (citing Fed.R.Civ.P. 61). The Fifth Circuit reviews "the admission or exclusion of evidence for abuse of discretion."*Id*. Even if the district court's evidentiary ruling is an abuse of discretion, however, it is subject to harmless error analysis and does not justify reversal "unless it affected substantial rights of the complaining party." *Id*. (citation and internal quotation marks omitted). "A ruling has affected the substantial rights of the party if, when considering all of the evidence presented at trial, the ruling had a substantial effect on the outcome of the trial." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir.2014).  The Fifth Circuit on appeal, though, must be "sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict." *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 361 (5th Cir.1995).

**ARGUMENT**

The Court should order a new trial in this matter based on the economic and non-economic damages awarded by the jury in light of the evidence and Instructions 13

and 14, and the fact that the Court abused its discretion in deciding Plaintiff's lawsuit from the second accident was to be excluded from trial, which prejudiced and affected the substantial rights of Defendants.

At the heart of the dispute for the jury in this case was to have decided which of Plaintiff's accidents caused which of his injuries. Under the instructions, the jury was under a duty to apportion damages and award only those damages that resulted from the September 2012 accident, and the jury was specifically obligated to not award damages that were caused by the accident of July 2014. See, Instruction 14. Additionally, the only way Plaintiff could recover 100% of past and future economic losses is if the jury could not make an apportionment between his preexisting conditions and the injuries which resulted from the September 2012 accident. See, Instruction 13.

**I.  Economic Damages in light of Instructions 13 and 14**

It is clear from the verdict in this matter the jury added together Plaintiff's medical bills and the full "top end" scenario for past and future lost wages and loss of household services as opined by Plaintiff's economist, Dr. Denis Boudreaux. This amounts to a 100% recovery for all of Plaintiff's past and future economic damages as opined by Dr. Boudreaux. When one considers the overwhelming weight of the evidence in this matter and Instructions 13 and 14, the jury should not have been able to come to this conclusion, unless it became confused during the course of its deliberations, or departed from its oath and the verdict was a result of bias, passion, and prejudice, either in favor of Plaintiff or against the insurance company Defendants.

The fact that the jury became confused during the course of its deliberations, or rendered a verdict that was a result of bias, passion, and prejudice, either in favor of Plaintiff or against the insurance company Defendants, is evidenced when the verdict is compared with the first paragraph of Instruction 14:

> If you find for Plaintiff, you may award damages only for those injuries which have been proven by a preponderance of the evidence to exist as a result of the accident of September 13, 2012, and you may not award any damages for any injuries, illnesses, or problems that were not caused in any way by the accident of September 13, 2012, or that were caused by the accident of July 9, 2014.

Notwithstanding that the jury was prohibited from awarding damages "for any injuries, illnesses, or problems that were not caused in any way by the accident of September 13, 2012, or that were caused by the accident of July 9, 2014," the jury clearly found that the 2012 accident was responsible for all of Plaintiff's past and future lost wages and loss of household services, and therefore had to have concluded that the 2014 accident did not cause any of Plaintiff's "injuries, illnesses, or problems." This conclusion is likewise against the overwhelming weight of the evidence in this matter. This confusion is understandable, however, given Defendants were prohibited from showing the jury that the Plaintiff had recently filed suit to recover for the same elements of damages that he alleged resulted from the 2014 accident.

Additionally, Instruction 13 provided:

> Plaintiff is not entitled to damages from Defendants for any injuries which existed prior to the accident on September 13, 2012. If you find that the September 13, 2012, accident caused any aggravation of any preexisting injury of Plaintiff Ronald Stafford's, Defendants bear the responsibility for the portion of the injury or the aggravation of the

>    injury that the September 13, 2012, accident caused. Where you the members of the jury cannot apportion the damages between Plaintiff's preexisting condition and the September 13, 2012, accident, then in that case Defendants may be liable for the whole amount of damages on the basis that one who injures another suffering from a preexisting conditions is liable for the entire damage when no apportionment can be made between the preexisting condition and the damage caused by the accident on September 13, 2012. Thus the Defendants must take the Plaintiff as they find him.

Accordingly, under Instruction 13, the only way for the jury to return a verdict for the entire quantum of economic damages opined by Dr. Boudreaux is if they were not able to apportion damages between the preexisting condition and the September 2012 accident, and they did not believe that the July 2014 accident caused Plaintiff any injury. Given the evidence in this matter, this simply was not possible.

Dr. Michael Patterson, one of Plaintiff's treating physicians, testified that it was "apparent" that Plaintiff's "pain started with the first accident and never quit." Dr. Patterson went on to testify regarding how "obvious" this was: "[s]o with regards to causation in general, yes, obviously things started with the first accident. So, obviously, that is a source of his continued seeking of treatment, submitting himself to invasive procedures; injections in his neck multiple times; physical therapy, devoting time and effort to that; taking medicines; making appointments; meeting appointments and so forth. So, obviously, he was symptomatic after the first accident."

Adrian Lumpkin, the County Administrator for Pearl River County testified that before the first accident Plaintiff was on full duty and not limited in any type of work he could do; but after the first accident, Plaintiff had to be accommodated for light duty.

Plaintiff himself testified that while he had degenerative changes in his neck and back, these rarely bothered him, and that he rarely took a prescription pain medication to treat the pain. But, he testified that after the first accident, he began to see a number of health care providers, including Dr. Patterson, and that he began to receive injections to treat his pain.

Not only was the overwhelming weight of the evidence clear that Plaintiff suffered some injury as a result of the July 2012 accident, but during closing argument Plaintiff's counsel indicated that the "absolute" and "undisputed" evidence showed Plaintiff suffered an injury as a result of the first accident, and Defendants conceded in their closing that there was no question Plaintiff suffered an injury as a result of the 2012 accident. Thus, for the jury not to be able to apportion between the preexisting condition and the 2012 accident, the jury's verdict had to be a result of confusion or bias, passion, and prejudice, either in favor of Plaintiff or against the insurance company Defendants.

## II.    Plaintiff's lawsuit regarding July 2014 accident

In his First Motion *in Limine*, Plaintiff asked this Court to prohibit evidence, testimony, and argument related to, among other things, Plaintiff's lawsuit arising out of his July 2014 accident. *CM/ECF Doc. Nos. 96 & 99*. That is because a little over a month before this trial - on June 29, 2017 - Plaintiff filed a Complaint in the Circuit Court of Pearl River County, Mississippi, against the operator of a vehicle that rear ended him and a construction company that was working on the road in July 2014. Other defendants in that suit include the underinsured motorist insurance carrier for the Pearl River County

vehicle Plaintiff was operating, as well as the underinsured carrier for Plaintiff's personal vehicle. *CM/ECF Doc. No. 104-2*. Plaintiff argued in his Motion *in Limine* that while mention of the second accident may be unavoidable in the case at bar, mention of the second lawsuit or claim is not relevant and would only show that Plaintiff is litigious. *Id*.

Defendant responded by arguing that while the mere existence of a second lawsuit may not be relevant to a preceding lawsuit, it was highly relevant in this matter. This relevance is grounded in the fact that Plaintiff, in his lawsuit arising out of the July 2014 accident – and filed a little over a month before opening statements in this trial - seeks the exact same damages as he sought, and the jury awarded, in the case at bar. See, *Complaint for Damages, CM/ECF Doc. No. 104-2*, p. 6, ¶ IX, including subparts (a) – (f). These damages include, among others, past, present, and future physical and emotional pain and suffering, loss of enjoyment of life, lost wages and loss of earning capacity, and loss of household services. *Id*. Those alleged to be the "sole" and "proximate and legal cause of [Plaintiff's] serious and permanent injuries and resultant disabilities" are James R. Canedy, Vance Brothers, Inc., Atlantic Specialty Insurance Co., and Government Employees Insurance Company – not the Defendants in the case at bar. *Id*., pp. 5 – 6.

Given that the jury awarded Plaintiff 100% of the available economic damages as opined by Dr. Boudreaux in this case, but was required to "award damages only for those injuries which have been proven by a preponderance of the evidence to exist as a result of the accident of September 13, 2012" and could "not award any damages for any injuries, illnesses, or problems that were not caused in any way by the accident of September 13,

10

2012, or that were caused by the accident of July 9, 2014," it is clear Defendants were prejudiced by the exclusion of Plaintiff's second lawsuit. *Brake v. Speed*, 605 So.2d 28, 34 (court did not abuse its discretion in permitting Defendant to show that Plaintiff had made the same claims in another lawsuit).

Not only were Defendants prejudiced by the exclusion of the second lawsuit, but it has a substantial right under Mississippi law to only be liable for damages resulting from [Ory's] negligence. *Good v. Indreland*, 910 So.2d 688, 693 (¶ 12) (Miss.Ct.App.2005) (citing *Walker v. Lamberson*, 243 So.2d 410, 411 (Miss.1971)). And, "[a] ruling has affected the substantial rights of the party if, when considering all of the evidence presented at trial, the ruling had a substantial effect on the outcome of the trial." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir.2014). Here, the jury awarded Plaintiff 100% of the available economic damages as opined by Dr. Boudreaux in this case, but was under a duty to "award damages only for those injuries which have been proven by a preponderance of the evidence to exist as a result of the accident of September 13, 2012" and it could "not award any damages for any injuries, illnesses, or problems that were not caused in any way by the accident of September 13, 2012, or that were caused by the accident of July 9, 2014." Had the Court not barred Plaintiff's second lawsuit from this case, the jury's confusion or bias, passion, and prejudice, either in favor of Plaintiff or against the Defendants, would have been alleviated.

## CONCLUSION

The Court should order a new trial in this matter based on the damages awarded by the jury in light of Instructions 13 and 14, and/or the fact that Plaintiff's lawsuit from the second accident was excluded from trial, which was clear legal error and prejudiced Defendants by affecting its substantial rights under the law.

**DATE:     SEPTEMBER 7, 2017.**

Respectfully submitted,

**LAMORAK INSURANCE COMPANY f/k/a ONE BEACON AMERICA INSURANCE COMPANY**

BY:   /s/  Robert O. Allen
       One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
ROBERT O. ALLEN (MSB #1525)
J. CHADWICK WILLIAMS (MSB No. 102158)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647
wallen@aabalegal.com
ballen@aabalegal.com
cwilliams@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Its Motion for New Trial with the Clerk of the Court using the ECF system which gave notice to the following:

>Collin Maley, Esq.
>MALEY & WALKER, PLLC
>P.O. Box 12827
>Jackson, Mississippi 39236
>cmaley@maleywalker.com
>>*Attorney for Plaintiff*
>
>MaryAnna Penton Holley
>Ronnie Glen Penton
>The Penton Law Firm
>5760 Interstate 55 North, Ste 150
>Jackson, Mississippi 39211
>maryanna@thepentonlawfirm.com
>>*Attorney for Plaintiff*
>
>Victor A. DuBose, Esq.
>Law Office of Victor A. DuBose
>1290 Main Street, Suite A
>Daphne, AL 36526
>Mobile, AL 36609
>vdubose@geico.com
>>*Attorney for Defendant, GEICO*

This the 7th day of September 2017.

      /s/  Robert O. Allen
      OF COUNSEL