**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RONALD STAFFORD**                                                              **PLAINTIFF**

**v.**

**MALLORIE HUDSON-KLINE ORY,**
**GOVERNMENT        EMPLOYEES**
**INSURANCE    COMPANY,    GEICO**
**INSURANCE       AGENCY,     INC.,**          **CIVIL ACTION NO. 1:15-CV-414-HSO-JCG**
**LAMORAK  INSURANCE  COMPANY**
**f/k/a   ONE   BEACON   AMERICA**
**INSURANCE COMPANY, ATLANTIC**
**SPECIALTY INSURANCE COMPANY**
**d/b/a   ONE   BEACON   AMERICA**
**INSURANCE,     OBI    NATIONAL**
**INSURANCE COMPANY d/b/a ONE**
**BEACON     AMERICA    INSURANCE**
**AND      UNKNOWN     INSURANCE**
**COMPANIES 1-5.**                                                              **DEFENDANTS**

**DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S**
**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**ITS MOTION FOR NEW TRIAL**

COMES NOW one of the Defendants, Government Employees Insurance Company

["GEICO"], and files this Memorandum of Authorities in Support of its Motion for New Trial, as

follows:

1.  Defendant, Government Employees Insurance Company joins in the Memorandum of

    Authorities in Support of the Motion for New Trial which was filed by co-Defendant,

    Lamorak Insurance Company f/k/a One Beacon America Insurance Company, as if

    fully copied herein, and requests the same relief.

2.  A chief issue in this case was what portion of Plaintiff Stafford's claimed injuries

    were caused by the September 2012 motor vehicle accident, which is the subject of

the instant case, and which were caused by the subsequent motor vehicle accident of July 2014, which was not included in this case. The jury failed to make any such apportionment, and awarded Plaintiff as if all of his claimed damages were caused by the September 2012 accident, and none by the July 2014 accident. This decision was clearly erroneous.

3. In _Brake v. Speed_, 605 So.2d 28 (Miss. 1992), the Mississippi Supreme Court made it clear that a plaintiff cannot burden a defendant with the task of proving what portion of a plaintiff's injuries were caused by which accident, where there were two separate accidents involved. The court recognized that one who injures another who is suffering from a pre-existing condition can be liable for the entire damage where no apportionment can be made. _Brake_, 605 So.2d at 33. _However,_ the court also stated: "It is quite another thing to say that a tort-feasor is liable, not only for the damage which he caused but also for injuries subsequently suffered by the injured person." _Id._ Thus, the court rejected plaintiff's attempt to put that burden of proof upon the defendant.

4. The court _also_ held that the "first" tortfeasor cannot be held liable for the second injury _even if_ the damage cannot be apportioned between the two injuries. _Id._ at 32 ("the first tort-feasor cannot be held liable for the subsequent injury whether or not the damage can be apportioned between the two injuries." [citations omitted]).

5. The jury's error in failing to apportion between the two accidents is further evidenced by the following facts: Plaintiff Stafford was injured in the September 2012 accident, the subject of the instant case, and then returned to work in January 2013. Plaintiff Stafford then worked continuously in the same job position as before the September

2012 accident, until he was involved in the subsequent accident of July 2014, which is not included in the instant case. After the July 2014 accident, Plaintiff Stafford never returned to work again.

6. In addition, the undersigned counsel asked Plaintiff Stafford's economic expert, Dr. Denis Boudreaux, if his economic damages figures were entirely based upon the assumption that 100% of Plaintiff Stafford's economic damages were caused by the September 2012 accident, and Dr. Boudreaux said that was the case. It is abundantly evident that the jury made the same assumption and made no apportionment whatsoever between the two accidents, and that decision was improper, was not supported by the evidence, and was contrary to the law, as cited above.

7. That any mention of Plaintiff Stafford's second lawsuit, regarding the July 2014 accident, was prohibited by the previous ruling of this Honorable Court, compounded the jury's failure to apportion any damages to the later accident. Plaintiff Stafford sought essentially the same relief in the second lawsuit as he did in the instant case. The defendants should have been able to utilize the existence of the later lawsuit at trial, including the use of the complaint from the new lawsuit as an exhibit.

8. In the fact scenario of the *Brake v. Speed* decision cited above, the plaintiff therein was involved in two separate accidents and filed two lawsuits regarding same, one per accident. *Id.* at 29. That plaintiff claimed the same injuries were caused in the second lawsuit as were claimed in the first lawsuit. *Id.* at 34. The Mississippi Supreme Court held that the defendant in *Brake v. Speed* was entitled to introduce evidence showing that the plaintiff therein made essentially the same claims in the later lawsuit – of which that defendant was not a party. *Id.* at 34. The court ruled that the defendant,

Speed, "could seek to show that Brake's injuries resulted from activities for which she (Speed) was not responsible" – and could use the subsequent lawsuit regarding a second motor vehicle accident in doing so. *Id.*

9. Thus, the defendants should have been permitted to introduce evidence of the second lawsuit. The fact that the second lawsuit was filed less than a month prior to the trial in the instant case only heightens the error further. The omission from the instant case of any mention of the new lawsuit was highly and unfairly prejudicial to the defendants and is grounds for a new trial.

10. For the reasons stated above and in Defendant Lamorak's motion for new trial and the memorandum of authorities of each defendant, the Court should order a new trial in this matter.

Respectfully submitted,

/s/ Victor A. DuBose
Victor A. DuBose (MB # 8934)
Attorney for Government Employees Insurance Company, Defendant

**OF COUNSEL**
Law Office of Victor A. DuBose
Employees of Government
  Employees Insurance Company
1290 Main Street, Suite A
Daphne, AL 36526
Telephone:  (251) 625-4939
Facsimile:  (251) 625-4955
Email: vdubose@geico.com


**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this day, September 7, 2017, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for New Trial with the Clerk of the Court using the ECF system, which gave notice to the following:

Collin Maley, Esq.
Maley & Walker, PLLC
P.O. Box 12827
Jackson, MS 39236
*Counsel for Plaintiff*

Mary Anna Penton Holley, Esq.
Ronnie Glen Penton, Esq.
The Penton Law Firm
5760 Interstate 55 North, Suite 150
Jackson, MS 39211
*Counsel for Plaintiff*

William R. Allen, Esq.
J. Chadwick Williams, Esq.
Jessica S. Malone, Esq.
Allen, Allen, Breeland & Allen, PLLC
P.O. Box 751
Brookhaven, MS 395602
*Counsel for Defendants, Lamorak Insurance Company f/k/a OneBeacon America Insurance Company*

/s/ Victor A. DuBose
OF COUNSEL