IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONALD STAFFORD                                                              PLAINTIFF

v.                                                           Civil No. 1:15cv414-HSO-JCG

GOVERNMENT EMPLOYEES
INSURANCE COMPANY and
LAMORAK INSURANCE COMPANY
f/k/a ONE BEACON AMERICA
INSURANCE COMPANY                                                           DEFENDANTS

# MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS [123][131] FOR NEW TRIAL

BEFORE THE COURT are the Motion [123] for New Trial filed by Defendant Lamorak Insurance Company f/k/a One Beacon America Insurance Company ("Lamorak") and the Motion [131] for New Trial filed by Defendant Government Employees Insurance Company ("GEICO"). In this case, Plaintiff Ronald Stafford ("Stafford") sued Lamorak and GEICO for injuries and damages arising out of a motor vehicle accident that occurred on September 13, 2012. A jury awarded Stafford $1,222,314.93 in damages. Verdict [120].

In the Motions [123][131] now before the Court, Defendants contend that the jury's findings are against the overwhelming weight of the evidence and that this Court erred in excluding evidence that Stafford had filed another lawsuit regarding a second car accident that occurred on July 9, 2014. Based upon its review of the record and relevant legal authority, the Court finds that both Motions [123][131]

should be denied.

## I. BACKGROUND

A.  Pre-Trial Proceedings

On September 10, 2015, Stafford filed a Complaint [1-2] in the Circuit Court of Pearl River County, Mississippi, alleging that he was injured as a result of a motor vehicle collision that took place on September 13, 2012. *See* Compl. [1-2]. The case was removed to this Court on November 11, 2015, on the basis of diversity jurisdiction. Not. of Removal [1]. According to the Complaint, on September 13, 2012, Stafford was driving a vehicle owned by his employer, Pearl River County, Mississippi, when he was rear-ended by another vehicle. Compl. [1-2] at 3. At the time of this collision, Stafford was the owner of an underinsured motorist policy issued by GEICO. *Id.* at 4. The County vehicle Stafford was driving was insured by Lamorak, whose policy also included underinsured motorist coverage. *Id.* Stafford sought to recover underinsured motorist coverage benefits from both GEICO and Lamorak. *Id.* at 5-6. Of relevance here, Stafford later filed a second lawsuit in the Circuit Court of Pearl River County, Mississippi, in relation to a different vehicle accident that occurred on July 9, 2014, in which he allegedly sustained an aggravation of the lumbar and cervical spine conditions he experienced as a result of the September 13, 2012 collision which forms the basis of this lawsuit. Order [113] at 8.

Before trial, Stafford filed a First Motion [96] in Limine, in which he sought to preclude any evidence, testimony, or argument referring to any other lawsuit,

including the lawsuit related to Stafford's July 9, 2014 motor vehicle accident.
Mot. [96] at 1-2. Stafford contended that such evidence should be excluded under
either Federal Rule of Evidence 402, because it was irrelevant to the instant
litigation, or Rule 403 because, even if relevant, its probative value was
substantially outweighed by the risks of unfair prejudice, confusion of the issues,
and misleading the jury. Pl.'s Mem. [99] at 5. Stafford conceded that "mentioning
the second accident may be unavoidable in this case[.]" *Id.*

In an Order entered on July 26, 2017, this Court found "that evidence that
the other lawsuit was filed by Plaintiff in relation to the vehicle accident that
occurred in July 2014 is not relevant to the instant litigation and could mislead or
confuse the jury and unduly prejudice Plaintiff." Order [113] at 9 (citing *Vance v.
Union Planters Corp.*, 209 F.3d 438, 445 (5th Cir. 2000)). The Court prohibited the
parties "from introducing evidence that Plaintiff has filed a second lawsuit," but
noted that "statements made by Plaintiff in the second lawsuit may be relevant for
impeachment purposes, to the extent that any statements he made in that litigation
are inconsistent with statements he might make during this trial." *Id.*

B. <u>The Jury Trial</u>

The case proceeded to a jury trial beginning on August 8, 2017, and
concluding on August 10, 2017. Judgment [122] at 1. At trial, Stafford offered the
video deposition testimony of his medical expert, Dr. Michael Patterson. Dr.
Patterson testified that Stafford suffered from preexisting "degenerative conditions
in his neck." Patterson Dep. [140-1]. Dr. Patterson opined that "the first accident

3

seemed to be the most important one" because Stafford "was able to perform a fairly vigorous . . . job prior to the accident and that changed dramatically afterwards and never improved[.]" *Id.* After the first accident, Dr. Patterson restricted the weight Stafford could lift at work. *See* Patterson Dep. [140-2]. Dr. Patterson conducted an evaluation of Stafford on August 7, 2014. Patterson Dep. [139-8]. During this evaluation, Stafford informed Dr. Patterson that he was involved in a second accident on July 9, 2014, and complained of back pain, neck pain, and headaches. *Id.* Dr. Patterson stated that it seemed the second accident "further worsened" Stafford's neck and low back pain and "worsened things in general," *id.*, however, in his view the July 9, 2014 accident did not have any impact on the lifting restrictions he had already placed upon Stafford after the September 13, 2012 accident. Patterson Dep. [139-4].

Adrain Lumpkin, the County Administrator for Pearl River County, testified that Stafford was on full, unrestricted work duty prior to the first accident, but had to be accommodated for light duty work after the accident. Pl.'s Mem. [139] at 6; Def.'s Mem. [124] at 8. Stafford's economic expert, Dr. Boudreaux, testified that Stafford's actual economic damages were between $488,259.55 and $539,468.21, depending upon his retirement age. Boudreaux Trial Tr. [139-3]. Defendants did not introduce evidence to rebut Boudreaux's testimony, nor did they call their own economic expert.

Stafford testified to the jury regarding his second accident, stating that on July 9, 2014, he was rear-ended by a freight truck, Stafford Trial Tr. [139-5], and

4

that as a result of the second accident he suffered increased pain in his neck and back, *id.* According to Stafford, he returned to Dr. Patterson for medical care after the second accident. *Id.* Finally, Stafford's vocational rehabilitation expert, Ty Pennington, opined that Stafford suffered an almost complete loss of the possibility of returning to his usual employment. *See* Stewart Trial Tr. [139-6].

Lamorak called its own vocational rehabilitation expert, David Stewart, who testified that he disagreed with Mr. Pennington's opinion. *Id.* At the close of the evidence, the Court's instructions to the jury included Jury Instruction 13, which stated:

> Plaintiff is not entitled to damages from Defendants for any injuries which existed prior to the accident on September 13, 2012. If you find that the September 13, 2012, accident caused any aggravation of any preexisting injury of Plaintiff Ronald Stafford's, Defendants bear the responsibility for the portion of the injury or the aggravation of the injury that the September 13, 2012, accident caused. Where you the members of the jury cannot apportion the damages between Plaintiff's preexisting condition and the September 13, 2012, accident, then in that case Defendants may be liable for the whole amount of damages on the basis that one who injures another suffering from a preexisting condition is liable for the entire damage when no apportionment can be made between the preexisting condition and the damages caused by the accident on September 13, 2012. Thus the Defendants must take the Plaintiff as they find him.

Def.'s Mem. [124] at 7-8; Pl.'s Mem. [139] at 4.

Jury Instruction 14 provided:

If you find for Plaintiff, you may award damages only for those injuries which have been proven by a preponderance of the evidence to exist as a result of the accident of September 13, 2012, and you may not award any damages for any injuries, illnesses, or problems that were not caused in any way by the accident of September 13, 2012, or that were caused by the accident of July 9, 2014.

5

Def.'s Mem. [124] at 7; Pl.'s Mem. [139] at 5.

Following deliberation, the jury found that Stafford had proved by a preponderance of the evidence that the injuries he complained of were proximately caused by the accident on September 13, 2012. Judgment [122] at 1. The jury also found that Stafford proved by a preponderance of the evidence that he sustained injuries proximately caused by the September 13, 2012 accident in the amount of $572,314.93 in economic damages and $650,000.00 in noneconomic damages, for a total of $1,222,314.93. Id. at 2. Accordingly, on August 10, 2017, the Court entered Final Judgment in favor of Stafford and against GEICO and Lamorak in the total amount of $1,222,314.93. Id.

C.  Defendant's Motions for New Trial

Both Defendants now move for a new trial. Lamorak asserts that the jury's inability to apportion between Stafford's preexisting condition and the September 13, 2012 accident was the result of confusion, bias, passion, or prejudice. Def.'s Mem. [124] at 8-9. Both Defendants argue that that the jury's finding that none of Stafford's claimed damages were caused by the second accident was against the great weight of the evidence. Id. at 7; Def.'s Mem. [132] at 2. Both Defendants also contend that this Court erred in excluding any reference to Stafford filing a lawsuit in connection with the second accident. Def.'s Mem. [124] at 10-11; Def.'s Mem. [132] at 3-4.

Stafford responds that the jury was unable to apportion damages between Stafford's preexisting condition and the first accident because the evidence at trial

6

showed that Stafford was able to perform fairly vigorous work prior to the first accident, but was unable to do so afterwards. Pl.'s Mem. [139] at 5-6. Stafford claims that while the July 9, 2014 accident caused him neck and back pain, it did not cause him to suffer any economic loss, and the jury properly concluded that Stafford sustained economic losses as a result of the September 13, 2012 accident. *Id.* at 9-10. With regard to the Court's exclusion of Stafford's second lawsuit, Stafford maintains that the jury was fully apprised of the second accident and Dr. Patterson's treatment of Stafford for both accidents, which allowed the jury to know Stafford's entire medical history as a result of both accidents. *Id.* at 10-11. Stafford further asserts that the filing of the second lawsuit had no bearing on how the jury analyzed the evidence and reached its verdict. *Id.* at 12.

## II. DISCUSSION

A. Legal Standard

The district court "has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so to prevent an injustice." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th

7

Cir. 1986). In other words, the movant must show "an absolute absence of evidence to support the jury's verdict." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998). "Erroneous evidentiary rulings by the trial court constitute reversible error only when those rulings have affected a party's substantial rights. An error does not affect substantial rights if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict." *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 361 (5th Cir. 1995) (citations and quotation marks omitted).

B. <u>Analysis</u>

　　1. <u>The Jury Did Not Err in Failing to Apportion between Stafford's Preexisting Injuries and Injuries Caused by the September 13, 2012 Accident.</u>

Lamorak asserts that it was not possible for the jury to believe that they were unable to apportion damages between the preexisting condition and the September 2012 accident. Def.'s Mem. [124] at 8. However, the evidence lends support to the jury's inability to make such an apportionment. Dr. Patterson testified that though Stafford suffered from preexisting degenerative conditions, he was working in an unrestricted capacity prior to, and was able to perform "fairly vigorous work" before, the accident, but could not do so afterwards. Patterson Dep. [139-1]. Dr. Patterson therefore concluded that it was more probable than not that the first accident was the more important one. *Id.* Dr. Patterson was also of the opinion that the first accident was the source of Stafford's cervical injuries and/or aggravation, based upon no prior significant medical treatment and the fact that

8

Stafford had no work restrictions beforehand. Patterson Dep. [139-2]. Adrain Lumpkin similarly testified that Stafford was on full, unrestricted work duty prior to the first accident, but afterwards had to be accommodated for light duty work. Pl.'s Mem. [139] at 6; Def.'s Mem. [124] at 8. Defendants did not call an economic expert witness to rebut the economic damages calculation of Stafford's economic expert, Dr. Boudreaux. Based on the foregoing, the jury's inability to apportion damages between Stafford's preexisting condition and the September 13, 2012 accident was not against the great weight of the evidence.

2. The Jury Did Not Err in Finding that None of Stafford's Damages Were Attributable to the Second Accident.

Lamorak and GEICO both contend that the jury clearly erred when it failed to apportion between Stafford's injuries caused by the September 2012 accident and any injuries caused by the July 2014 accident. Def.'s Mem. [124] at 7; Def.'s Mem. [132] at 2. Dr. Patterson testified that, to a reasonable degree of medical certainty, the September 13, 2012 accident was the more important cause of Stafford's neck injuries and cervical radiculopathy. Patterson Dep. [140-1]. Dr. Patterson also stated that the July 9, 2014 accident did not have any impact on the lifting restrictions he had previously imposed on Stafford following the September 13, 2012 accident. Patterson Dep. [140-2]. Dr. Patterson was of the view that just because Stafford experienced additional levels of pain following each accident, this did not necessarily cause any additional functional limitations. Patterson Dep. [140-3]. Neither Defendant offered any rebuttal medical evidence or called their own medical expert witness.

GEICO cites *Brake v. Speed*, 605 So. 2d 28 (Miss. 1992), for the proposition that where there were two separate accidents, a plaintiff cannot burden a defendant with the task of proving what portion of a plaintiff's injuries were caused by which accident, and that the first tortfeasor cannot be held liable for the second injury even if the damage cannot be apportioned between the two injuries. Def.'s Mem. [132] at 2. This Court made no contrary instruction to the jury. Jury Instruction 14 made it clear that Stafford carried the burden to prove, by a preponderance of the evidence, that his damages were caused by the September 13, 2012 accident. The jury was also instructed that it could not award any damages caused by the second accident. At closing argument, counsel for GEICO likewise reminded the jury that they "are not to award any damages for whatever happened to [Stafford] in the July 2014 accident." Trial Tr. [140-11]. In sum, the burden was placed on Stafford to prove his injuries were the result of the first accident, and no burden was placed on Defendants to prove what portion of Stafford's injuries were caused by which accident. The jury's conclusion that Stafford suffered full economic loss as a result of the September 13, 2012 accident was not against the great weight of the evidence.

    3.    <u>The Court Did Not Abuse Its Discretion in Excluding Substantive Use of Evidence of Stafford's Second Lawsuit.</u>

Defendants argue that the Court unfairly prejudiced them by excluding any evidence of the filing of Stafford's second lawsuit arising from the July 9, 2014 accident. Def.'s Mem. [124] at 10-11; Def.'s Mem. [132] at 3-4. Stafford counters that the jury was fully apprised of the July 2014 accident and the effects it had on

10

Stafford. Pl.'s Mem. [139] at 11; Pl.'s Mem. [140] at 8-9. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Though Defendants were prohibited from introducing evidence of the filing of or existence of the second lawsuit itself, the jury was fully apprised of the second accident and Stafford's reported symptoms following that accident. Stafford acknowledged to the jury that on July 9, 2014, he was rear-ended by a freight truck, Stafford Trial Tr. [139-5], and testified that as a result of the second accident, he suffered increased pain in his neck and back, *id.* Stafford testified that he returned to Dr. Patterson for medical care after the second accident. *Id.* During trial, GEICO and Lamorak were free to cross-examine Stafford regarding the extent of his injuries both before and after the second accident. Moreover, the Court's Order [113] Granting in Part and Denying in Part Stafford's First Motion in Limine provided that any statements made by Stafford "in the second lawsuit may be relevant for impeachment purposes, to the extent that any statement he made in that litigation are inconsistent with statements he might make during this trial." Order [113] at 9.

The jury was also informed of Dr. Patterson's assessments and treatment of Stafford both before and after the second accident. Both Defendants had the opportunity during the discovery phase to secure their own medical experts to rebut

11

the testimony of Dr. Patterson as to the causation of Stafford's injuries, but elected not to call any such witnesses.

GEICO relies on *Brake v. Speed* to contend that the Court abused its discretion in excluding this evidence. In that case, the plaintiff Brake contended that the trial court abused its discretion in permitting the jury to hear evidence that she had made two claims for the same injuries and expenses against two different tortfeasors. 605 So. 2d at 33-34. The Supreme Court of Mississippi concluded that the trial court did not abuse its discretion. *Id.* at 34. The court noted that the defendant Speed "had the right to show that she was not responsible for Brake's injuries," and in order to prove such theory, "it was not improper for Speed to rely upon Brake's *sworn statements* in another lawsuit, alleging that Johnson caused and was responsible for the same injuries she claimed were caused by Speed." *Id.* (emphasis added).

While the trial court in *Brake* did not abuse its discretion by admitting this evidence, the supreme court did not create a bright-line rule that such evidence *must* be admitted. Rule 403 gives the district court broad discretion to determine the admissibility of evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). Within this broad discretion, this Court determined that evidence of the filing of a second lawsuit would be irrelevant and carried the risk of unfair prejudice. The Court permitted Defendants a full opportunity to show that Stafford's injuries resulted from the second accident. The jury was aware of the second accident, Stafford's reported injuries from the second accident, and Dr.

12

Patterson's observations of Stafford following the second accident. The Court explicitly permitted Defendants to impeach Stafford with statements made in his second lawsuit if they were inconsistent with his testimony at this trial The Court did not abuse its discretion in excluding evidence that Stafford had filed a lawsuit regarding the second accident.

### III. CONCLUSION

The Court finds that the jury's findings in this case were not against the great weight of the evidence, and the Court did not abuse its discretion in excluding evidence that Plaintiff Ronald Stafford filed a lawsuit regarding a subsequent motor vehicle accident. Defendant's Motions [123][131] should be denied, and a new trial will not be ordered.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Lamorak Insurance Company f/k/a One Beacon America Insurance Company's Motion [123] for New Trial is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Government Employees Insurance Company's Motion [131] for New Trial is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

13