IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD STAFFORD**                                                      **PLAINTIFF**

v.                                                             Civil No. 1:15cv414-HSO-JCG

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY and
LAMORAK INSURANCE COMPANY
f/k/a ONE BEACON AMERICA
INSURANCE COMPANY**                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS [125][129] TO ALTER OR AMEND JUDGMENT

BEFORE THE COURT are the Motion [125] to Alter or Amend Judgment filed by Defendant Lamorak Insurance Company f/k/a One Beacon America Insurance Company ("Lamorak") and the Motion [129] to Alter or Amend Judgment filed by Defendant Government Employees Insurance Company ("GEICO"). Plaintiff Ronald Stafford ("Stafford") sued GEICO and Lamorak for damages incurred as a result of a car accident. A jury returned a verdict [120] awarding Stafford a total of $1,222,314.93 in damages against GEICO and Lamorak. The Court entered a Final Judgment [122] reflecting the jury's findings.

Lamorak moves to amend the Final Judgment, asserting that its liability is limited to its policy limit of $1,000,000.00, and, furthermore, that it is entitled to an offset of $50,000.00 for payments previously received by Stafford. GEICO contends that its liability in this case is limited to $50,000.00, as provided by its insurance policy with Stafford. The Court finds that Lamorak's Motion [125] should be

granted, in that its liability will be limited to $1,000,000.00, and it will be entitled to a $50,000.00 offset. The Court further finds that GEICO's Motion [129] should be granted, and GEICO's liability will be limited to $50,000.00.

## I. BACKGROUND

On September 13, 2012, Stafford was driving a vehicle owned by his employer, Pearl River County, Mississippi, when he was rear-ended by a vehicle driven by Mallorie Kline-Hudson Ory ("Ory"). Ory was an underinsured motorist. At the time of the collision, Stafford held an underinsured motorist policy issued by GEICO. Under the GEICO policy issued to Stafford, the total underinsured motorist coverage was $50,000.00 per person and $100,000.00 per accident.

The vehicle Stafford was driving was insured through his employer by One Beacon Insurance Company, now known as Lamorak, whose policy also included underinsured motorist coverage. The policy was a Single-Limit Non-Stacked policy with a $1,000,000.00 limit of insurance.[1] Def.'s Mem. [126] at 3; Pl.'s Mem. [138] at 2. The One Beacon insurance policy states: "We will not make duplicate payment under this coverage for any element of 'loss' for which payment has been made by or for anyone who is legally responsible." Def.'s Mem. [126] at 4; Pl.'s Mem. [138] at 4.

On September 10, 2015, Stafford filed a Complaint [1-2] in the Circuit Court of Pearl River County, Mississippi, for the injuries he suffered as a result of this car

---

[1] Neither party quotes the relevant provision of Lamorak's policy limiting coverage to $1,000,000.00, however, Stafford concedes that it "is undisputed that Lamorak had underinsured motorist coverage policy limits of $1,000,000.00." Pl.'s Mem. [138] at 2.

2

collision. *See* Compl. [1-2]. The Complaint named several Defendants, including Lamorak, GEICO, and Ory. *Id.* at 1-3. Stafford sought to recover underinsured motorist coverage benefits from Defendants GEICO and Lamorak. *Id.* at 5-6. The case was removed to this Court on November 11, 2015, on the basis of diversity jurisdiction. Not. of Removal [1].

On July 18, 2016, the Court entered an Agreed Order [46] of Dismissal as to Ory. Stafford settled his claims against Ory for $50,000.00, paid by Ory's insurance carrier State Farm. Def.'s Mem. [126] at 5. The case proceeded to a jury trial beginning on August 8, 2017, and concluding on August 10, 2017. Judgment [122] at 1. The jury awarded Stafford $572,314.93 in economic damages and $650,000.00 in noneconomic damages, for a total verdict [120] of $1,222,314.93. *Id.* This Court entered Final Judgment [122] in favor of Stafford, ordering that he recover from GEICO and Lamorak the total amount of $1,222,314.93. *Id.* at 2.

Both Defendants now move to alter or amend the Final Judgment. Lamorak first asserts that its policy issued to Stafford limits coverage to $1,000,000.00, and Lamorak's liability in this case should be limited to that amount. Def.'s Mem. [126] at 5. Lamorak also argues that it is entitled to an offset of the $50,000.00 paid to Stafford by Ory's insurance carrier because such offset is provided for in the terms of Lamorak's policy. *Id.* at 5-7. GEICO joins in Lamorak's Motion to Alter or Amend Judgment. Def.'s Mot. [130] at 1. GEICO raises an additional contention of its own, positing that its liability is limited to $50,000.00 as provided for under its insurance policy. *Id.* at 2.

3

Stafford argues that he was insured under Lamorak's policy and was therefore entitled to the benefits of the policy, but was not "subject to" the policy provisions, including the policy limit of $1,000,000.00. Pl.'s Mem. [138] at 3-4. Stafford further asserts that Lamorak waived its argument that the policy limits coverage to $1,000,000.00 by failing to present it at trial. *Id.* at 4. In Stafford's view, the policy language Lamorak cites in favor of an offset is ambiguous and could mean that Lamorak will not pay where Stafford has been fully compensated for his injuries and is thus not entitled to receive more than the full amount of damages he has sustained. *Id.* at 4-5. Because the provision is ambiguous, Stafford posits that it must be construed in favor of Stafford such that Lamorak is not entitled to any offset. *Id.* at 5-6. Stafford agrees with GEICO that its maximum liability in this case is limited to $50,000.00. Pl.'s Mem. [141] at 7.

## II. DISCUSSION

A.  Legal Standard

A motion filed under Federal Rule of Civil Procedure Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir. 2010) (quotation omitted).

B.   Analysis

    1.   Stafford's Recovery from Lamorak is Limited to $1,000,000.00.

Lamorak first contends that Stafford is not entitled to recover more than the limit of insurance provided in the policy.   Def.'s Mem. [126] at 3.   Stafford does not dispute that Lamorak's coverage was limited to $1,000,000.00, Pl.'s Mem. [138] at 2, but responds that he was only "insured" by the policy, though not "subject to" the policy, and is therefore "entitled to avail himself of the benefits of the policy, nothing more," *id.* at 3-4.   Stafford is correct that is he entitled to the benefits of the policy, which, in this case, are clearly subject to a limit of $1,000,000.00 in coverage.

Stafford next asserts that Lamorak should have raised this issue to the jury at trial.   *Id.* at 4.   However, the question of whether to apply the policy's maximum limit is not a jury question.   "The interpretation of an insurance policy is a question of law, not one of fact.   Generally, under Mississippi law, when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written."   *Noxubee Cty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004) (internal citations omitted).   Accordingly, Stafford is not entitled to recover any more from Lamorak than the $1,000,000.00 policy limit provided for in this policy.

    2.   Lamorak is Entitled to an Offset of $50,000.00.

Lamorak posits that it is entitled to an offset for the $50,000.00 Stafford received from Ory's insurance carrier.   Def.'s Mem. [126] at 5-6.   Stafford counters

that the term "duplicate payment" in the Lamorak policy is ambiguous and could mean that Lamorak will not pay where such a payment has fully compensated the insured. Pl.'s Mem. [138] at 5.

Mississippi courts have "established the right of uninsured motorist carriers to offset uninsured motorist coverage by amounts paid by the tortfeasor's liability carrier if the uninsured motorist carrier's policy language so provides." *Jeffcoat v. Am. Nat. Prop. & Cas. Co.*, 919 So. 2d 982, 985 (Miss. Ct. App. 2005) (citing *State Farm Mut. Auto. Ins. Co. v. Kuehling,* 475 So. 2d 1159, 1163 (Miss. 1985) (reversed on other grounds)). "[T]he issue of whether offset is allowed 'turns upon an interpretation of the Mississippi Uninsured Motorist Act and the construction of the parties' contract.'" *Id.* (quoting *Kuehling*, 475 So. 2d at 1160).

The Supreme Court of Mississippi addressed this issue in *United Services Auto. Ass'n v. Stewart*, 919 So. 2d 24 (Miss. 2009). After Robert Stewart was killed while riding his motorcycle, *id.* at 25, his spouse Deborah Stewart brought a wrongful death action alleging that Joseph Rowell's negligent driving caused the accident and Robert's death, *id.* Robert had an automobile insurance policy with USAA that provided uninsured/underinsured motorists coverage in the total amount of $50,000.00. *Id.* at 25-26. The policy stated, in relevant part:

NON-DUPLICATION

No covered person will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

> A. Paid because of the BI or PD by or on behalf of persons or organizations who may be legally responsible.

*Id.* at 27.

Rowell held insurance coverage with State Farm with a maximum limit of $25,000.00. *Id.* at 26. USAA asserted that it was entitled to a setoff of $25,000.00 pursuant to Rowell's policy. *Id.* Deborah argued that USAA was not entitled to any setoff pursuant to Robert's insurance inasmuch as Deborah would not be "made whole" for Robert's death by payment of $50,000.00. *Id.* Relying on *Hare v. State*, 733 So. 2d 277 (Miss. 1999), the chancery court found that USAA was not entitled to a setoff in the amount of Rowell's liability coverage. 919 So. 2d at 26. The chancery court stated that the setoff was not enforceable until Deborah was made whole. *Id.* at 27.

In *Hare*, the Supreme Court of Mississippi adopted the "made whole" rule which is "the general principle that an insurer is not entitled to equitable subrogation until the insured has been fully compensated." 733 So. 2d at 281. The *Hare* court adopted the "made whole" rule of subrogation "because the general intent of subrogation . . . is to prevent a double recovery by the insured," and "[u]ntil the insured has been fully compensated, there cannot be a double recovery." *Id.* at 285.

Applying *Hare* to the facts in *Stewart*, the supreme court noted that "*Hare* was a subrogation case," and thus "did not overrule the long line of UM/UIM cases," but rather the "made whole" rule is limited "to certain subrogation cases." 919 So. 2d at 29. Because *Stewart* was not a subrogation case, the court recognized that "in many UM/UIM cases, it is virtually impossible for the injured insured(s) to be

made whole. It is hardly uncommon for the injured insured(s) to incur injuries and damages far in excess of the available insurance coverage." *Id.* at 30. The supreme court concluded that USAA was indeed entitled to a setoff of $25,000.00:

> In *State Farm Mut. Auto. Ins. Co. v. Kuehling,* 475 So.2d 1159 (Miss. 1985), by applying the provisions of the UM statute and the specific insurance policy, we allowed a set-off by way of a reduction of UM benefits based on the amount of liability coverage provided under the tortfeasor's policy. If we were to expand the "made whole" rule to apply not only to certain subrogation cases, but also to UM/UIM cases, we would in effect overrule *Kuehling* and its progeny, including our recent decision in *Wise.* This, we refuse to do.

*Stewart*, 919 So. 2d at 30.

The language in USAA's offset provision in *Stewart* is almost identical to that contained in Lamorak's policy prohibiting "duplicate payments." The Supreme Court of Mississippi has held that such language entitles an insurer to an offset even where the insured will not be fully compensated. Applying *Stewart* to this case, even if Stafford may not receive a full recovery, Lamorak is entitled to a $50,000.00 offset.

### 3. GEICO's Liability is limited to $50,000.00.

GEICO asserts that its liability is limited to $50,000.00, and Stafford agrees. The Court finds that GEICO is liable for $50,000.00 of Stafford's awarded damages.

## III. CONCLUSION

The Court finds that Stafford's recovery from Lamorak is limited to $1,000,000.00, that Lamorak is entitled to an offset of payments made to Stafford, and GEICO's liability is limited to $50.000.00.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Lamorak Insurance Company f/k/a One Beach American Insurance Company's Motion [125] to Alter or Amend Judgment is **GRANTED**. Defendant Lamorak's liability in this case is limited to $1,000,000.00, and Lamorak is entitled to a $50,000.00 offset, resulting in liability to Stafford in the amount of $950,000.00.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED t**hat Defendant Government Employees Insurance Company's Motion [129] to Alter or Amend Judgment is **GRANTED**, and Defendant GEICO's liability in this case will be limited to the policy limits of $50,000.00. The Court will enter an Amended Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE